Christopher T. Holland [SBN 164053] (cholland@kksrr.com)
Tanya I. Wei [SBN 240867] (twei@kksrr.com)
Matthew T. Peters [SBN 256739] (mpeters@kksrr.com)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

Attorneys for Defendant
THE DIAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br> Plaintiffs, <br> v. <br><br> THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC. <br><br> Defendants. | Case No. 5:10-cv-00966-JF <br><br> **STIPULATION STAYING ALL PROCEEDINGS UNTIL THE FEDERAL CIRCUIT ISSUES A FINAL DECISION IN *STAUFFER* AND SETTING DEADLINE FOR CERTAIN DEFENDANTS TO MOVE OR PLEAD TO 30 DAYS THEREAFTER AND [PROPOSED] ORDER** |

1     Plaintiff San Francisco Technology Inc. ("Plaintiff") and the undersigned defendants, The Dial Corporation and Johnson Products Company Inc. ("Defendants"), through their respective counsel, hereby make the following stipulation (the "Stipulation"):

    WHEREAS, Plaintiff filed its complaint (Dkt. No. 1) on March 5, 2010 (the "Complaint") alleging that Defendants have falsely marked articles in violation of 35 U.S.C. § 292; and

    WHEREAS, Plaintiff had earlier filed a substantially similar complaint asserting the same false marking claim against other defendants in *San Francisco Technology Inc. v. Adobe Systems Incorporated, et al.*, Case No. 2009-06083 ("*Adobe*"), on December 30, 2009; and

    WHEREAS, on April 13, 2010, after full briefing and argument, Judge Seeborg of the Northern District of California stayed *Adobe* pending resolution of *Stauffer v. Brooks Bros.*, Appeal Nos. 2009-1428, 2009-1430, 2009-1453 ("*Stauffer*"); and

    WHEREAS, Judge Seeborg held in *Adobe* that the circumstances in which a private party has standing under Article III of the United States Constitution to bring a *qui tam* action for false patent marking under 35 U.S.C. § 292(b) is an issue of first impression currently pending before the United States Court of Appeals for the Federal Circuit in *Stauffer*; and

    WHEREAS, Judge Seeborg held that once the *Stauffer* decision is rendered, the Federal Circuit's reasoning and analysis will likely bear directly on this Court's consideration of the pending motions to dismiss for lack of subject matter jurisdiction; and

    WHEREAS, the parties agree that Judge Seeborg's reasoning is equally applicable to this proceeding and, therefore, stipulate and agree that all claims asserted herein against Defendants The Dial Corporation and Johnson Products Company Inc. should be stayed pending a final decision by the Federal Circuit; and

    WHEREAS, the Stipulation would stay the hearings and all related proceedings on the Motion to Dismiss or, in the Alternative, to Stay, or in the Further Alternative, to Sever (Dkt. No. 159) filed by The Dial Corporation on May 7, 2010 as well as the Motion to Dismiss and Motion to Stay in the Alternative filed by Johnson Products Company Inc. (Dkt. Nos. 193 and 194); and

    WHEREAS, The Dial Corporation has previously stipulated with Plaintiff to extend time to respond to the Complaint to May 7, 2010 (Dkt. No. 27); and

| | |
|---|---|
| 1 | WHEREAS, the purpose of the stay is to narrow the litigated issues in this case and the stipulating parties have agreed to further narrow the litigated issues in this case by agreeing that venue and personal jurisdiction are appropriate in the Northern District of California for this case (To be clear, except for the personal jurisdiction and venue aspects of this stipulation, the parties to this stipulation have not waived any other potential right, claim, argument, counterclaim, and/or defense in law or equity.); and |

WHEREAS, the purpose of the stay is to narrow the litigated issues in this case and the stipulating parties have agreed to further narrow the litigated issues in this case by agreeing that venue and personal jurisdiction are appropriate in the Northern District of California for this case (To be clear, except for the personal jurisdiction and venue aspects of this stipulation, the parties to this stipulation have not waived any other potential right, claim, argument, counterclaim, and/or defense in law or equity.); and

WHEREAS, the requested time modification would have no other effect on the schedule for the case because currently no trial date has been set; and

WHEREAS, the parties herein have agreed to stay all proceedings until the Federal Circuit issues a final decision in the *Stauffer* decision (or further order of this Court);

THEREFORE, THE PARTIES HEREBY STIPULATE THAT:

These proceedings and all aspects of the case with respect to Defendants The Dial Corporation and Johnson Products Company Inc. are hereby stayed until: (1) the Federal Circuit issues a final decision in *Stauffer v. Brooks Bros.*, Appeal Nos. 2009-1428, 2009-1430, 2009-1453 (i.e., at the expiration of time to file a petition for rehearing or the denial of a timely-filed petition); and (2) further order of the Court in accordance with the Federal Circuit's decision in *Stauffer*; and

The responsive pleading of Defendants The Dial Corporation and Johnson Products Company Inc. are hereby due 30 days thereafter; and

The stipulating parties have agreed that venue and personal jurisdiction are appropriate in the Northern District of California for this case. However, no other rights, defenses, and/or arguments of either party are intended to be, or are, affected by this stipulation, except for those related to venue and personal jurisdiction expressly stated above. Specifically, nothing in Dial's motion (Dkt. No. 159), Johnson Products' motions (Dkt. Nos. 193 and 194) nor Plaintiff's potential objections and/or responses to those motions are waived, and Dial and Johnson Products specifically reserve the right to reassert those defenses and/or arguments at a later time.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: June 11, 2010 | KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP |

Dated: June 11, 2010    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: /s/
Christopher T. Holland
Counsel for The Dial Corporation

In accordance with General Order No. 45, Section X(B), the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

Dated: June 11, 2010    MOUNT & STOELKER, P.C.

By: /s/
Daniel H. Fingerman
MOUNT & STOELKER, P.C.
333 West San Carlos Street,
Suite 1650
San Jose CA 95110
Telephone: (408) 279-7000
Facsimile: (408) 998-1473
Counsel for Plaintiff San Francisco Technology Inc.

Dated: June 11, 2010    Kirkland & Ellis LLP

By: /s/

Matthew V. Topic
Kirkland & Ellis LLP
300 North LaSalle
Chicago IL 60654
Phone: 312/862-7363
Fax: 312/862-2200
Email: matthew.topic@kirkland.com
Counsel for Johnson Products Company Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: 6/15/10    By: /s/
THE HON. JEREMY FOGEL
United States District Court Judge