United States District Court
Northern District of Illinois, Eastern Division

| | |
|---|---|
| San Francisco Technology Inc. <br><br> Plaintiff <br><br> vs. <br><br> Sunstar Americas Inc. <br><br> Defendant | Case No. 1:10-cv-05000-AJS <br> Judge:   Amy J. St. Eve |

**Plaintiff's Opposition to Sunstar's Motion to Dismiss**

Plaintiff San Francisco Technology Inc. ("SF Tech") submits this opposition to Sunstar Americas, Inc.'s ("Sunstar") Motion to Dismiss.

## I. Introduction

The law encourages manufacturers to inform the public about any patents that protect their products.  Truthful and accurate patent markings are a key mechanism to inform the public about patent rights.  However, *falsely* marking an *unpatented* product — as if it were patented — is illegal.  False marking stifles competition, chills scientific research, and undermines federal public policy.  Sunstar, "lacking in shame,"[1] has been falsely marking its products and deceiving the public for five years.

Sunstar falsely represents to the public that its GUM Proxabrush products are patented. The packaging of Sunstar's GUM Proxabrush Handle Snap-on is marked: "THE PROXABRUSH Handle is protected by patents pending or one or more of the following U.S. Patents: 5,027,467; 5,201,901; 5,633,083".   Meanwhile, the packaging of Sunstar's GUM Proxabrush Trav-ler is marked: "The PROXABRUSH TRAV-LER is protected by one or more of the following U.S. Patents: #4,691,404; #5,488,751; 5,633,083".[2]  Three of those patents (4,691,404, 5,027,467, and

---

[1] Sunstar's Memorandum of Law in Support of Motion to Dismiss, p. 2.
[2] Complaint at ¶ 134.

5,201,091) expired no later than 2/22/2005, 2/7/2010, and 7/2/2008, respectively.[3]

Manufacturers who mark their products with patent numbers may obtain financial benefits under 35 U.S.C. § 287.  That statute permits a patentee to recover enhanced money damages for infringement if its product was *truthfully marked* in this way.[4]  However, *false marking* is illegal.  Section 292(a) of the Patent Act provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public; … Shall be fined not more than $500 for every such offense.

Sunstar suggests that claims for false marking under the Patent Act sound like claims for fraud and are therefore held to the heightened pleading standard of Rule 9 of the Federal Rules of Civil Procedure, rather than the ordinary notice pleading standard of Rule 8.  It relies on two faulty propositions: (1) the superficial, semantic similarity between "false marking" and the elements of fraud, and (2) a Federal Circuit decision which never held that Rule 9 applies.  Courts that have examined this issue have reached the opposite conclusion — holding Rule 8 governs claims for false marking.  However, even if Rule 9 did apply, SF Tech's complaint contains enough specificity to meet that standard.  Accordingly, Sunstar's motion must be denied.  In the alternative, if the court finds that the complaint is not sufficiently pled, the court must grant leave to amend.[5]

## II. Federal Law And Public Policy Prohibit False Marking

The law encourages patentees to inform the public about patent rights.  If a manufacturer makes a product that is protected by a patent, section 287 of the Patent Act gives it an incentive to mark the product with the applicable patent number.  If a product is properly marked, section 287 provides that the patentee may recover enhanced damages against infringers.[6]

---

[3] Complaint at ¶ 134.
[4] *See e.g.*, *Crown Packaging Technology Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009)
[5] *See e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1031 (9th Cir. Cal. 2009), *D-Beam v. Roller Derby Skate Corp.*, 316 Fed. Appx. 966, 969 (Fed. Cir. 2008)
[6] 35 U.S.C. § 287(a); *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010) (*Pequignot 4*)

The public policy of disseminating information about patent rights requires that patent markings be *truthful*, so Congress outlawed *untruthful* markings over 150 years ago. Borrowing from earlier false copyright marking statutes, Congress enacted the first false patent marking statute in 1842.[7] Over the next 110 years, this statute was amended several times, but the basic substance remained the same. The current false marking statute was enacted in 1952 and is codified in 35 U.S.C. § 292:

> (a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

Twice in recent years, the Federal Circuit has examined the public policy underlying this statute. In 2005, the Federal Circuit summarized the relevant Supreme Court precedent in *Clontech v. Invitrogen*:[8]

> Together, *Wine Ry.* and *Bonito Boats* explain that Congress intended the public to rely on marking as "a ready means of discerning the status of intellectual property embodied in an article of manufacture or design." *Bonito Boats*, 498 U.S. at 162. *Lear* articulates federal patent policy, recognizing an "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." 395 U.S. at 670. That interest is clearly injured by false marking because the act of false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.
>
> In each instance where it is represented that an article is patented, a

---

(discussing § 287)

[7] Elizabeth I. Winston, *The Flawed Nature of the False Marking Statute*, 77 Tenn. L. Rev. 111, 112 (2009) ("Winston")

[8] *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1356–57 and n6 (Fed. Cir. 2005) (discussing *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387 (1936); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989); and *Lear Inc. v. Adkins*, 395 U.S. 653 (1969))

member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

In 2009, the Federal Circuit further explained the public policy underlying the false marking statute in *Forest Group v. Bon Tool*:[9]

> The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can also cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

Thus, sound public policy encourages truthful patent markings and punishes false patent markings. Section 292 requires this court to fine a false marker up to $500 per offense, as a punishment for its wrongful conduct and as a deterrent to similarly-situated manufacturers.[10]

## III. SF Tech has standing to bring suit

Sunstar's argument that SF Tech lacks standing borders on a violation of Rule 11. Sunstar is well aware of the Federal Circuit's recent decision in *Stauffer v. Brooks Brothers*, which fully resolves the issues raised by Sunstar.[11] In *Stauffer*, the Federal Circuit held that the standing of a *qui tam* relator under § 292 does not rely on allegations of the type that Sunstar

---

[9] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302–1303 (Fed. Cir. 2009) ("*Forest Group 1*") (quotation marks and citations omitted)

[10] *Forest Group Inc. v. Bon Tool Co.*, 2010 U.S. Dist. Lexis 41291, 6–7 (N.D. Tex. 2010) ("*Forest Group 2*"); *Presidio Components Inc. v. American Technical Ceramics Corp.*, 2010 U.S. Dist. Lexis 36127, 136–37 (S.D. Cal. 2010)

[11] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144

suggests are missing from SF Tech's complaint. The lack of such allegations in the complaint is not relevant to SF Tech's standing. Rather, the standing of a *qui tam* relator under § 292 "arises from his status as 'any person,' and he need not allege more for jurisdictional purposes."[12] The Federal Circuit further explained:[13]

> Under *Vermont Agency [of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000)], a *qui tam* plaintiff, or relator, can establish standing based on the United States' implicit partial assignment of its damages claim, 529 U.S. at 773, to "any person," *see* 35 U.S.C. § 292(b). In other words, even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory assignment of the United States' rights, and "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Vermont Agency*, 529 U.S. at 773. Thus, in order to have standing, Stauffer must allege that the United States has suffered an injury in fact causally connected to Brooks Brothers' conduct that is likely to be redressed by the court.
>
> As the government points out, Congress has, by enacting section 292, defined an injury in fact to the United States. In other words, a violation of that statute inherently constitutes an injury to the United States. In passing the statute prohibiting deceptive patent mismarking, Congress determined that such conduct is harmful and should be prohibited. The parties have not cited any case in which the government has been denied standing to enforce its own law. Because the government would have standing to enforce its own law, Stauffer, as the government's assignee, also has standing to enforce section 292.

SF Tech's complaint alleges that it is a corporate person and that Sunstar has violated the false marking statute.[14] Since the United States suffers an injury by definition when its law is violated, nothing more must be alleged than the violation of § 292.[15] SF Tech received an assignment of one-half of the government's interest in this claim by operation of law when SF Tech filed its complaint.[16] SF Tech's "standing arises from [its] status as 'any person,' and [it] need not allege more for jurisdictional purposes."[17]

---

[12] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 17

[13] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 11–13

[14] Complaint ¶¶ 1–2

[15] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 11–13

[16] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 11–13; *see also San Francisco Technology Inc. v. The Glad Products Co.*, 2010 U.S. Dist. Lexis 83681, 13–15 (N.D. Cal. 2010)

[17] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 17

## IV. Facts alleged in the complaint are presumed true at the pleading stage

At the pleading stage, the court must assume to be true all facts in the complaint, and the defendant may not seek dismissal under Rule 12(b)(6) by disputing those facts. Accordingly, if a plaintiff pleads that a marking was false and that the defendant had the requisite state of mind — i.e., that the defendant lacked a reasonable basis to believe the marking was truthful — then a motion under Rule 12(b)(6) must be denied. As this court explained in *Simonian v. Oreck*:[18]

> Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently alleged defendants' deceptive intent. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot*, 608 F.3d at 1362–63. Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false. By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent. Because defendants have sufficiently, albeit generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

## V. False marking does not trigger the "fraud" pleading standard of Rule 9(b)

The pleading standard in federal court is governed by Rule 8, which requires "a short and plain statement of the claim".[19] The Supreme Court has held:[20]

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts.

Accordingly, "a short and plain statement of the claim" is sufficient, unless false marking fits the "limited exception" of fraud in Rule 9(b). Sunstar relies on the superficial, semantic similarity between the elements of fraud and false marking (such as "intent to deceive") to

---

[18] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 12–13 (N.D. Ill. 2010) (Gettleman, J.); *see also Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. Lexis 86216, 12–16 (N.D. Ill. 2010) (Zagel, J.)
[19] Fed. R. Civ. P. (FRCP) 8(a)(2)
[20] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (footnote omitted)

suggest that false marking is a species of fraud. Although perhaps superficially attractive, this argument fails when examined.

Many torts that include false or deceptive conduct are not fraud — and are therefore governed by the "simplified pleading standard" of Rule 8.[21] For example, Rule 8 applies to claims for False Advertising and claims for False Designation of Origin.[22] Similarly, a claim for "deceptive acts or practices in the conduct of any business" need not be pled with particularity because it "extends well beyond common-law fraud to cover a broad range of deceptive practices" and "does not require proof of the same essential elements (such as reliance) as common-law fraud".[23] When the Federal Circuit held in *Exergen v. Wal-Mart* that claims seeking a declaration of patent unenforceability due to inequitable conduct must be pled with particularity under Rule 9, it expressly relied on a long line of cases holding that inequitable conduct is a species of fraud and that its elements are similar to fraud.[24] However, that same court has distinguished the evidentiary standard for inequitable conduct from the standard that applies to false marking.[25] This distinction demonstrates that the Federal Circuit intends for the law of false marking to develop separately from the law of inequitable conduct.

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[26] Since false marking also "does not require proof of the same essential elements (such as reliance) as common-law fraud",[27] the "limited exception" of Rule 9 does not apply.[28] Thus, several District Courts have applied Rule 8 to complaints for false marking and rejected their defendants' attempts to apply Rule 9.

The court in *Astec v. Power-One* and *Third Party Verification Inc. v. SignatureLink*

---

[21] *Swierkiewicz*, 534 U.S. at 513
[22] *Jurin v. Google Inc.*, 2010 U.S. Dist. Lexis 18208 (E.D. Cal 2010)
[23] *See e.g.*, *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. N.Y. 2005)
[24] *Exergen Corp. v. Wal-Mart Stores Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)
[25] *Pequignot 4*, 608 F.3d at 1363–64
[26] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009)
[27] *Pelman*, 396 F.3d at 511
[28] *Swierkiewicz*, 534 U.S. at 513

searched the caselaw for precedent applying Rule 9 to false marking, and it found none.[29]  The *Astec* court did the required analysis, comparing false marking to fraud, and determined them to be so different that Rule 8, not Rule 9, should apply.[30]  It found not a single case holding that false marking should be pled with particularity.[31]  The reasoning of *Astec* is persuasive:[32]

> Power-One also moves to dismiss Astec's false marking claim for failing to plead the claim with specificity.  See Fed. R. Civ. P. 9(b).  In the alternative, Power-One moves for a more definite statement.  Power-One argues that because a false marking claim requires an allegation of deceptive intent, it is similar to an averment of fraud, which must be pled with specificity.  However, Power-One provides no case authority for its proposition linking a false marking claim to an averment of fraud.  On the other hand, courts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud and mistake.

The *Astec* court is not alone — other District Courts have also applied the "simplified pleading standard" of Rule 8 to claims for false marking.[33]  Accordingly, this court should follow the great weight of this precedent and apply Rule 8 to SF Tech's complaint for false marking.

Finally, Sunstar seems to think the Federal Circuit held in *Stauffer* that a false marking complaint must satisfy the fraud pleading under Rule 9.  In *Stauffer*, the Federal Circuit reversed all of the District Court's holdings and remanded for further proceedings.  The Federal Circuit expressly remanded for the District Court to determine Brooks Brothers' motion to dismiss.  In doing so, it quoted the District Court's footnote, where the District Court restated Brooks Brothers' argument that Rule 9 (as opposed to Rule 8) applies.[34]  In that quoted passage, the

---

[29] *Astec America Inc. v. Power-One Inc.*, 2008 U.S. Dist. Lexis 30365 (E.D. Tex. 2008); *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)

[30] *Astec*, 2008 U.S. Dist. Lexis 30365

[31] *Astec*, 2008 U.S. Dist. Lexis 30365, 26

[32] *Astec*, 2008 U.S. Dist. Lexis 30365, 32–33

[33] *See e.g., U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. Lexis 45453 (W.D. Pa. 2010) (analyzing the complaint under the Rule 8 standard); *Brinkmeier v. Graco Children's Products Inc.*, 2010 U.S. Dist. Lexis 12916 (D. Del. 2010) (analyzing the complaint under the Rule 8 standard); *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (rejecting the application of Rule 9 to false marking claims), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)

[34] *Stauffer v. Brooks Brothers, Inc.*, --- F.3d ---, 2010 U.S. App. LEXIS 18144, *19 (Fed. Cir. Aug. 31, 2010) (quoting Stauffer v. Brooks Brothers Inc., 615 F. Supp. 2d 248, 251 n. 1 (S.D.N.Y. 2009)).

District Court expressly stated that it was declining to decide Brooks Brothers' motion. Read in context, it is clear that the District Court was simply restating Brooks Brothers' argument as a way of identifying the motion — not deciding whether it had merit. Since the District Court never decided that question and the Federal Circuit expressly remanded with instructions for the District Court to do so, neither court has yet held whether Rule 8 or Rule 9 should apply.

## VI. Even if specificity is required under Rule 9, SF Tech's complaint meets this standard

If the court determines that Rule 9 applies to claims for false marking, then it must still deny the motion to dismiss because SF Tech has pled its claim with sufficient particularity.

### A. The elements of false marking: falsity and intent to deceive the public

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[35] Both elements may be proved by a preponderance of evidence.[36]

#### (1) The falsity requirement: "marking an unpatented article"

A product is falsely marked if it is not protected by at least one claim of each patent listed in the marking.[37] It is beyond dispute "that an article covered by a now-expired patent is 'unpatented.'"[38] "An article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent. Both are in the public domain."[39] Accordingly, any marking with an expired patent is false as a matter of law.[40]

#### (2) Intent to deceive the public

The Federal Circuit defines intent to deceive as follows: "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is

---

[35] *Forest Group 1*, 590 F.3d at 1300
[36] *Pequignot 4*, 608 F.3d at 1363–64; *Forest Group 1*, 590 F.3d at 1300; *Clontech*, 406 F.3d 1347, 1352–53
[37] *Clontech*, 406 F.3d at 1352
[38] *Pequignot 4*, 608 F.3d at 1361
[39] *Pequignot 4*, 608 F.3d at 1361 (editing marks omitted) (quoting *Pequignot v. Solo Cup Co.*, 646 F. Supp. 2d 790 (E.D. Va. 2009) ("*Pequignot 3*"))
[40] *Pequignot 4*, 608 F.3d at 1361

true."[41]  Although intent to deceive is "subjective in nature", it is proved "by objective criteria."[42]
A plaintiff must show that the marker lacked a reasonable basis to believe that its marking was
truthful at the time the marking was made.[43]  Once this is shown, there is a presumption that the
marking was made with intent to deceive the public.[44]  The Federal Circuit first introduced this
standard in *Clontech v. Invitrogen*:[45]

> Thus, objective standards control and the fact of misrepresentation
> coupled with proof that the party making it had knowledge of its falsity
> is enough to warrant drawing the inference that there was a fraudulent
> intent.  Thus, under such circumstances, the mere assertion by a party
> that it did not intend to deceive will not suffice to escape statutory
> liability.  Such an assertion, standing alone, is worthless as proof of no
> intent to deceive where there is knowledge of falsehood.  But in order to
> establish knowledge of falsity the plaintiff must show by a
> preponderance of the evidence that the party accused of false marking
> did not have a reasonable belief that the articles were properly marked
> (i.e., covered by a patent).

Thus, a plaintiff must initially prove that the marker lacked a reasonable basis to believe
the marking was true or had sufficient information to know that the marking was false.[46]  Once
the plaintiff meets that burden, the marker is presumed to have intended to deceive the public.[47]
At that point, the burden shifts to the marker to prove (if it can) that it had some different
intent.[48]  "[T]he presumption cannot be rebutted by 'the mere assertion by a party that it did not
intend to deceive.'"[49]  Rather, the marker must come forward with "credible evidence" that it had
a legitimate purpose for placing a false patent marking on its product.[50]

## B. Knowledge and intent are never required to be pled with particularity

Sunstar misreads the statute and rules when it suggests that SF Tech should have alleged

---

[41] *Clontech*, 406 F.3d at 1352
[42] *Clontech*, 406 F.3d at 1352
[43] *Pequignot 4*, 608 F.3d at 1362–63 (explaining *Clontech*, 406 F.3d at 1352–53)
[44] *Pequignot 4*, 608 F.3d at 1362–63 (explaining *Clontech*, 406 F.3d at 1352–53)
[45] *Clontech*, 406 F.3d at 1352–53 (quotation marks and citations omitted)
[46] *Clontech*, 406 F.3d at 1352–53
[47] *Pequignot 4*, 608 F.3d at 1362–63
[48] *Pequignot 4*, 608 F.3d at 1362–64
[49] *Pequignot 4*, 608 F.3d at 1363; *Clontech*, 406 F.3d 1347, 1352–53
[50] *Pequignot 4*, 608 F.3d at 1363

Plaintiff's Opposition to Sunstar's Motion to Dismiss
Page 10

its intent with particularity.  Rule 9(b) states: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Thus, SF Tech may allege Sunstar's knowledge and intent to deceive "generally", and its complaint does so.

As Rule 9(b) permits, the complaint alleges "generally" that Sunstar "marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, Sunstar falsely marked its products with intent to deceive the public."[51]  This "general" allegation is all that Rule 9(b) requires concerning knowledge or intent.

### C. SF Tech cannot be required to plead more than it must prove at trial

Rule 9 cannot require a plaintiff to plead more facts that it must prove at trial to prevail on a claim.  To prevail at trial, SF Tech must prove by a preponderance of the evidence: (1) the markings are false, and (2) Sunstar had sufficient knowledge at the time of the markings to determine that they were false.[52]  Proof of these facts creates a presumption that Sunstar intended to deceive the public — and completes SF Tech's *prima facie* case for false marking.[53]  The burden then shifts to Sunstar to adduce evidence (if any exists) that it lacked intent to deceive.[54]  As discussed above, SF Tech has pled knowledge and intent generally, which Rule 9 expressly permits.  As discussed below, it has also pled the marking element with the specificity that Rule 9 requires.  Accordingly, SF Tech has complied with Rule 9 even though it has no obligation to do so.

This court reached the same conclusion in *Simonian v. Oreck* and *Simonian v. Bunn-O-Matic*, examining complaints very similar to SF Tech's.[55]  The *Oreck* court explained:[56]

---

[51] Complaint at ¶ 136

[52] *Forest Group*, 590 F.3d at 1300; *Pequignot 4*, 2010 U.S. App. Lexis 11820, *15–16; *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)

[53] *Pequignot 4*, 2010 U.S. App. Lexis 11820, *15–16 ("under *Clontech* and under Supreme Court precedent, the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public")

[54] *Pequignot 4*, 2010 U.S. App. Lexis 11820, *15–16

[55] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832 (Gettleman, J.); *Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. Lexis 86216 (Zagel, J.)

[56] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 12–13

Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently alleged defendants' deceptive intent.  "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot*, 608 F.3d at 1362–63.  Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false.  By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent.  Because defendants have sufficiently, albeit generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

### D. SF Tech's complaint alleges the marking element with particularity

The first element of a false marking claim is "marking an unpatented article".[57]  The Federal Circuit expressly ruled "that an article covered by a now-expired patent is unpatented" for purposes of § 292.[58]  The complaint alleges that Sunstar has marked its products with expired patents.  The complaint specifically identifies the PROXABRUSH Handle and PROXABRUSH TRAV-LER products, quotes the exact text of the false markings, and identifies the dates when U.S. Patents 4,691,404, 5,027,467, and 5,201,091 expired.  It further alleges that Sunstar is selling in 2010 — i.e., at the time the complaint was filed in March 2010 — which is long after the term of each expired patent ended.

No more specific allegations could exist to demonstrate that the products are falsely marked with expired patents.  The most reasonable inference from the allegations about the timing of the patent expirations and retail sales of the products is that the marking occurred after the patent expirations.  Accordingly, SF Tech alleges upon information and belief that the marking occurred after each patent's expiration.

"Pleading on 'information and belief' is permitted under Rule 9(b) when essential

---

[57] *Forest Group*, 590 F.3d 1300
[58] *Pequignot 4*, 2010 U.S. App. Lexis 11820, *12 (quoting the lower court opinion; internal quotation marks omitted)

information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based."[59] Congress did not intend § 292 to be a whistleblower statute, limited to disloyal employees who choose to expose their employers.[60] Courts have recognized for over 120 years that the exact dates and times of patent markings are exclusively within a defendant's control and therefore need not be alleged in a complaint.[61] The same is true for the names of the individual persons involved in the marking:[62]

> Furthermore, assuming that a false marking claim must be pled with particularity, Power-One seeks identification of who falsely marked the products with deceptive intent. Astec has identified in its Complaint that Power-One is the corporate entity responsible for Astec's false marking claim. Greater specificity is not necessary at this early stage of the proceedings.

Even if Rule 9 required allegations of a "fraudulent scheme", SF Tech has also met this standard. The court in *Simonian v. Oreck* assumed (without deciding) that Rule 9 applies and explained what is required to allege a "fraudulent scheme" in a false marking case:[63]

> Defendants argue that Simonian has not sufficiently alleged fraud under Fed. R. Civ. P. 9(b). … Under Rule 9(b), a complaint's fraudulent scheme should include the who, what, when, where and how. Defendants assert that Simonian has failed to allege the who, what, when, where and how to satisfy Rule 9(b). The court disagrees. Simonian has alleged that defendants (who) have deliberately and falsely marked (how), at least the Oreck XL Classic Power Team vacuum cleaner (what) with an expired patent, and have marketed and are currently marketing the falsely marked product(s) (when) throughout the Northern District of Illinois and the rest of the United States (where). Simonian has alleged the deceptive intent generally, which conforms to the requirements of Rule 9(b). For the above-mentioned reasons, the court rejects defendants' argument that the complaint is insufficient under Rule 9(b).

SF Tech has specifically pled that the accused markings were done after each patent's

---

[59] *Exergen*, 575 F.3d at 1331
[60] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144 (section 292 gives standing to "any person")
[61] *Fish v. Manning*, 31 F. 340, 341 (S.D.N.Y. 1887)
[62] *Astec*, 2008 U.S. Dist. Lexis 30365, 33–34
[63] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 11–12 (quotation marks, citations, and footnote omitted) (Gettleman, J.)

expiration and that each accused product is being sold retail long after those expirations. No plaintiff can know the exact dates of a defendant's markings without discovery. SF Tech made specific factual allegations of the information that could, in principle, be within the knowledge of any plaintiff at the pleading stage. That is all that Rule 9 requires.

Courts have denied motions to dismiss against complaints that allege far less than SF Tech's complaint in this case. For example, in *FLFMC v. Ace Hardware*, the defendant moved to dismiss a complaint on the same ground Sunstar's motion. That court denied the motion, approving these allegations as sufficient:[64]

> Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '148 patent expired on October 22, 1974. Defendant, or its agents, manufacture, sell, offer to sell, and/or advertise the product referred to as Trimline® Edger. The Trimline® Edger is marked with patent No. 2,810,148. … After October 22, 1974, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Trimline® Edger, phrases referring to the 2,810,148 patent, implying that the item was patented. Defendant or its agents did so for the purpose of deceiving the public.

Moreover, another district court has concluded that SF Tech's allegations are sufficient. In *SF Tech v. Adobe et al.*, SF Tech's complaint for false marking contained allegations substantially identical to its allegations in this case.[65] For example, SF Tech alleged in that case:

> 113.    Upon information and belief, Super Swim sells swimming products such as its "Super Swim Pro" product.
>
> 114.    Super Swim advertises the Super Swim Pro product on its web site, www.superswimpro.com. In its advertisements, Super Swim marks its product as follows: "US Patent 4-530-497 New Patents Pending". Upon information and belief, U.S. Patent No. 4,530,497 expired no later than 4/22/2003.
>
> 115.    The above advertisements on Super Swim's web site are also marked "© 2008 Copyright SuperSwimPro". Upon information and belief, Super Swim made decisions to mark its products in the manner described above in at least 2008 when these advertisements were written

---

[64] *U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. Lexis 45453 (W.D. Pa. 2010); Request For Judicial Notice (RJN) exhibit __ at ¶¶ 8–13
[65] *San Francisco Technology Inc. v. Adobe Systems Inc.*, Case No. 5:09-cv-06083-RS-HRL (N.D. Cal.)

and again each time each advertisement was revised.  Thus, Super Swim made decisions to mark its product in the above-described advertisements long after U.S. Patent No. 4,530,497 expired.

The defendants in *SF Tech v. Adobe* filed motions to dismiss that are substantially similar to Sunstar's motion in this case.  In the hearing on those motions, the court expressed doubt that it was necessary to reach the question of whether Rule 8 or Rule 9 governs this pleading.[66]  The court went on to explain:[67]

> The pleading is detailed as to the products at issue and where the alleged mismarking could have been found in websites and packaging and the like.  To the extent that the defendants seem to suggest that the deficiency lies in the failure to allege scienter, deliberate and knowing mismarking, I think that seems to be borrowing from the PSLRA context, and I don't really think it applies in this instance where, under 9(b), at least my reading is you can allege malice, intent, knowledge, in a much more general sense, as opposed to the securities heightened requirements.

Accordingly, SF Tech's complaint passes muster, and the Sunstar's motion must be denied.

## VII. Conclusion

For the reasons discussed above, Sunstar's motion to dismiss must be denied.  In the alternative, if the court finds that the complaint is not sufficiently pled, then it must grant leave to amend.

Date: October 18, 2010

Mount & Stoelker, P.C.,
                /s/ Dan Fingerman
Counsel for San Francisco Technology Inc.

Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473

---

[66] Transcript at 9:9–14 (Request For Judicial Notice, Exhibit 1)
[67] Transcript at 9:15–24 (Request For Judicial Notice, Exhibit 1)

Email: kspelman@mount.com,
dfingerman@mount.com

Michael H. Erdman
Teeple Leonard & Erdman
175 W Jackson Blvd. Ste 240
Chicago IL 60604
Phone: (312) 986-3228
Fax: (312) 986-3981
Email: mherdman@teeplelaw.com

## Certificate of Service of Documents By Electronic Means

Pursuant to Local Rule 5.3 and General Order 09-014, Section X, the undersigned certifies that on October 18, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of Illinois, using the court's electronic filing system (ECF). The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action who have registered to receive notice via the ECF system.

Date: October 18, 2010                    Mount & Stoelker, P.C.,
                                                          /s/ Dan Fingerman
                                                          Counsel for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\False002\Attorney_Notes\Drafts\Sunstar Americas-(IL)\Opposition to Sunstar's Motion to Dismiss v2.doc