# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5000 | **DATE** | 1/27/2011 |
| **CASE TITLE** | San Francisco Technology, Inc vs. Sunstar Americas, Inc | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's motion to dismiss [331] and denies Defendant's motion to stay [333] as moot. Defendant should answer by 2/17/11. Status hearing set for 3/1/11 is stricken and reset to 2/23/11 at 8:30 a.m.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Defendant, Sunstar Americas, Inc., has filed a motion to dismiss those portions of the Complaint that San Francisco Technology asserts against it. (R. 331.) Sunstar contends that the Complaint fails to meet both the heightened pleading requirements of Rule 9(b) and the broader pleading standard of Rule 8(a). (R. 332 at 5-9.) Defendant also argues that Relator lacks standing. (*Id.* at 9-10.) As Relator has standing, and because the Complaint pleads facts that both satisfy the requirements of Rule 9(b) and allow the Court reasonably to draw an inference of deceptive intent, the Court denies Sunstar's motion to dismiss and denies Defendant's motion to stay as moot.

## BACKGROUND

On March 5, 2010, San Francisco Technology filed a complaint against multiple defendants, including Sunstar, alleging that each defendant had falsely marked unpatented articles in violation of 35 U.S.C. § 292. (R. 1.) Although San Francisco Technology refers to itself as "Plaintiff," the Court will refer to it as "Relator" given that the present suit is a *qui tam* action, in which the relevant plaintiff is the United States. *Compare id.* at 2 *with United States ex rel. Chovanec v. Apria Healthcare Grp., Inc.*, 606 F.3d 361, 362 (7th Cir. 2010).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Relator is a Delaware corporation with its principal place of business in San Jose, California. (R. 1 at 2.) Its Complaint alleges that "Sunstar makes and sells many kinds of products, including GUM Proxabrush." (*Id.* at 26.) It further alleges that Sunstar marked its Proxabrush Handle Snap-on products with U.S. Patents Nos. 5,027,467; 5,201,091; and 5,633,083. (*Id.*) San Francisco Technology also alleges that Sunstar marks its Proxabrush Travel-er products with U.S. Patent Nos. 4,691,404; 5,488,751; and 5,633,083. (*Id.*) The Complaint further asserts that the '404, '467, and '091 patents expired no later than 2/22/2005, 2/7/2010, and 7/2/2008, respectively. (*Id.*) According to the Complaint, Sunstar sold its "falsely marked products . . . after the expiration" of the '404, '467, and '091 patents. (*Id.*) Finally, San Francisco Technology alleges that Sunstar "marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." (*Id.*)

Defendant maintains that the preceding allegations cannot survive a motion to dismiss under Rule 12(b)(6). For reasons that the Court will now explain, the Complaint states a claim against Sunstar.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep Relators out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (holding that the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (holding that the court construes complaints in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor).

Beyond the requirements of Rule 12(b)(6), Rule 9(b) requires that a plaintiff plead all allegations of fraud "with particularity," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal quotations omitted).

The Seventh Circuit recently reaffirmed its long-standing principle that a plaintiff subject to Rule 9(b) "ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Md. Benefits Trust v. Walgreen Co.*, -- F.3d --, 2011 WL 183163, at *4 (7th Cir. Jan. 21, 2011). Although the Seventh Circuit held that "the requisite information . . . may vary on the facts of a given case," it also made clear that "a plaintiff generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief." *Id.* at 4-5. Nevertheless, the court of appeals also explained that pleading fraud based on information and belief "is permissible, so long as (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides 'the grounds for his suspicions.'" *Id.* at 5.

## ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

San Francisco Technology argues that the Complaint's allegations fall short of this standard for three reasons. First, it observes that Relator prefaces its allegations "[u]pon information and belief," which—Relator suggests—does not satisfy the relevant pleading standard. (R. 332 at 4, 9.) Second, Defendant argues that the heightened pleading standards of Rule 9(b) apply and that the allegations fail to meet this threshold requirement. (*Id.* at 5-8.) It submits, in particular, that the Complaint's allegations of deceptive intent are inadequate (*Id.* at 5-9.) Finally, Defendant contends that the Court should reject the U.S. Court of Appeals for the Federal Circuit's opinion in *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010), which held that a *qui tam* relator has standing, even if she has not suffered an injury, as long as the United States has suffered an injury in fact. (*Id.* at 9-10.)

### I.      Plaintiff Has Standing to Bring the Present Action Under 35 U.S.C. § 292

As an initial matter, Defendant argues that Relator lacks standing to bring the instant action under 35 U.S.C. § 292. (R. 332 at 9-10.) The Court cannot discern a legitimate basis for this argument, for—as Defendant itself acknowledges—Relator clearly has standing under a recent holding of the Federal Circuit. *Stauffer*, 619 F.3d 1325. Sunstar contends that *Stauffer* "was wrongly decided," but that is of no moment to this Court, which is not free to discard rules of law to which it is bound. *See, e.g., Zojo Solutions, Inc. v. Stanley Works*, 712 F. Supp. 2d 756, 757 (N.D. Ill. 2010) (observing that "this Court is bound to follow the teachings of the Federal Circuit in this action under the patent laws"). Thus, Plaintiff has the requisite standing.

### II.     Although Certain of Relator's Allegations Are Based "Upon Information and Belief," They Satisfy Rule 9(b)

For reasons explained in the Court's recent opinion in *Blistex*, Rule 9(b) applies to claims of false patent marking. *Simonian v. Blistex, Inc.*, No. 10-CV-1201, 2010 WL 4539450, at *5-6 (N.D. Ill. Nov. 3, 2010). The Court therefore rejects Relator's argument that claims for false marking are subject to the notice-pleading standards of Rule 8. (R. 339 at 2, 6-9.)

The Seventh Circuit generally requires a plaintiff filing a complaint under Rule 9(b) to allege "the who, what, when, where, and how" of the alleged fraud. *Walgreen*, 2011 WL 183163, at 4. The Seventh Circuit recently explained that "a plaintiff generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief," though it held that such pleading may be acceptable if "(1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides 'the grounds for his suspicions.'" *Walgreen*, 2011 WL 183163, at 4-5. The Court need not determine whether the Complaint satisfies these two conditions because Relator has pleaded sufficient facts independent of those it prefaces upon information and belief.

In this respect, Relator bases several, though by no means all, of its allegations against Sunstar on "information and belief." (R. 1 at 26.) The allegations that Relator does *not* plead in this manner include:

- Sunstar marks the packaging in which its GUM Proxabrush Handle Snap-on products are sold with: 'The PROXABRUSH Handle is protected by patents pending or one or more of the following U.S. Patents: 5,027,467; 5,201,091; 5,633,083 and Reg. U.S. Pat. & T.M. Off.'

(R. 1 at 26.)

- Sunstar marks the packaging in which its GUM Proxabrush Trav-ler products are sold: 'The

> PROXABRUSH TRAV-LER is protected by one or more of the following U.S. Patents Nos. #4,691,404; #5,488,751; 5,633,083.'

(R. 1 at 26.)

- Sunstar's falsely marked products are being sold retail in March 2010 with such false markings, after the expirations of U.S. Patent Nos. 4,691,404, 5,027,467, and 5,201,091.

(R. 1 at 26.)

- Sunstar advertises its products, including the falsely marked products, on its web site at www.gumbrand.com. On that web site, Sunstar directs prospective customers to search for local retail stores that sell its products, including the falsely marked products. That page on Sunstar's web site indicates that at least 9 such retail locations exist in or near this court's zip code, 95113. Sunstar's web site also provides a 'Shop Now' feature, which leads potential customers [*sic*] a Sunstar-branded web site from which such products can be purchased. A page on that site states that Sunstar ships such products 'to the 50 United States,' including California.

(R. 1 at 9) (internal citations omitted.)

Taking these allegations as true, which San Francisco Technology does not preface on "information and belief," Relator has pleaded minimally sufficient factual detail to meet the baseline requirements of Rule 9(b). The "who" is Sunstar. (R. 1 at 26.) The "what" is Sunstar's allegedly falsely marked GUM Proxabrush Handle Snap-on and GUM Proxabrush Trav-ler products, and the '404, '467, and '091 patents. (*Id.*) The "when" is March 2010. (*Id.*) The "where" is through Defendant's website "to the 50 United States . . . including in California and in this District," as well as through local retail stores. (*Id.* at 9.) The "how" is marking the relevant products with the expired patent numbers. (*Id.* at 26.) Furthermore, when viewing these facts in the light most favorable to Plaintiff, and Plaintiff's allegations on information and belief that are not accessible to it, Plaintiff has met its pleading burden.

Defendant nevertheless contends that the allegations are too vague to satisfy Rule 9(b). (R. 332 at 6.) It observes that San Francisco Technology does not "reproduce the allegedly-offending packaging or specify how or where it was observed." (R. 332 at 6.) Sunstar does not explain why, or cite case law to the effect that, Rule 9(b) requires Relator to do this. (*Id.*) Defendant's criticism that Relator "does not assert that it was itself deceived by the alleged false-markings" or "does not identify any circumstance in which it . . . was actually deceived" is irrelevant in light of the Federal Circuit's holding in *Stauffer*. *Stauffer*, 619 F.3d at 1325.

The sole remaining question is whether the Complaint pleads sufficient facts to allow the Court to draw a reasonable inference that Defendant acted with deceptive intent.

### III. The Complaint Adequately Pleads Deceptive Intent on the Part of Sunstar

Defendant correctly observes that one cannot violate 35 U.S.C. § 292 unless one possesses "intent to deceive the public." (R. 332 at 5 (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005).) Sunstar misreads the pertinent case law, however, when it contends that "the courts require a plaintiff to identify the 'specific who, what, when, where, and how' for the alleged requisite intent." (*Id.* at 6 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).) *Exergen* does not stand for this proposition, but instead provides that the Federal Circuit's "precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. Indeed, Rule 9(b) explicitly provides that a plaintiff can allege intent generally. Fed. R. Civ. P. 9(b). The Supreme Court recently explained that one pleading intent must instead meet the "less rigid—though still operative—strictures of Rule 8." *Iqbal*, 129 S. Ct. at 1954. Rule 8, in turn, requires that a complaint contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 1949.

The Complaint, which alleges that Sunstar falsely marked certain of its products with one or more of three expired patents, satisfies Rule 8. (R. 1 at 26.) Relator alleges that Sunstar engaged in false marking "to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." (*Id.*) It further alleges that Sunstar makes "substantial" and "continuous" sales throughout the United States. (*Id.* at 9.) Accepting these alleged facts as true, one could reasonably infer that Sunstar acted with intent to deceive the public. *Accord Simonian v. Oreck Corp.*, 10-CV-1224, 2010 WL 3385465, at *4 (N.D. Ill. Aug. 23, 2010) ("Simonian has alleged deceptive intent generally, which conforms to the requirements of Rule 9(b)."); *Blistex* 2010 WL 4539450, at *4. *But see Simonian v. Edgecraft Corp.*, No. 10-CV-1263, 2010 WL 3781262, at *2-3 (N.D. Ill. Sept. 20, 2010).

Defendant submits that an expired patent could not deceive members of the public because they could check whether the patent had expired online. (R. 332 at 8 n.2.) The Federal Circuit, however, has already considered and rejected that line of argument. *See Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1303 (Fed. Cir. 2009) ("If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can also cause unnecesessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.") (internal citations omitted). As explained by the Federal Circuit, companies stand to gain financially from false marking by dissuading competition from potential entrants into the relevant market. The Court could therefore reasonably infer from the Complaint's allegations that Sunstar acted with deceptive intent.

## CONCLUSION

For the preceding reasons, the Court denies Defendant's motion to dismiss and denies Defendant's motion to stay as moot.